# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. CIV-13-736-W |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record, ECF No. 9, (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff's applications were denied initially and on reconsideration at the administrative level. At her request, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ), who issued an unfavorable decision on April 12, 2012 (TR. 22-34). Plaintiff appealed the ALJ's unfavorable decision to the Social Security Appeals Council, which found no reason to review the ALJ's decision (TR. 1-5). Thus, the

ALJ's unfavorable decision became the final decision of the Commissioner. This judicial appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. *See Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's applications for benefits, the ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged disability onset date (TR. 24). At step two, the ALJ determined that Plaintiff has severe impairments consisting of degenerative disc disease of the lumbar spine, degenerative joint disease, status post spiral fracture of the right fibula, gout, obesity, bipolar disorder, and personality disorder (TR. 24). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 24-25).

At step four, the ALJ determined that Plaintiff could perform a "narrowed range of unskilled, nonpublic, sedentary work" (TR. 27). The ALJ then determined that Plaintiff was unable to perform her past relevant work as a casino cashier, security guard, photo lab

worker, hospital cleaner, warehouse worker, conveyor feeder offbearer, and industrial cleaner (TR. 32).

At the fifth and final step of the sequential evaluation process, the ALJ found that, based on the testimony of the vocational expert (VE), Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" (TR. 34). Specifically, the ALJ found that Plaintiff could perform the following jobs described in the Dictionary of Occupational Titles (DOT): addresser, with 24,900 positions available in the national economy and 200 positions available in the regional economy; microfilm document preparer, with 21,900 positions available nationally and 300 regionally, and tube operator with 22,900 positions available nationally and 200 regionally (TR. 33-34). Thus, the ALJ found that Plaintiff is not disabled.

## ISSUE FOR REVIEW

Plaintiff challenges the ALJ's step-five finding that the number of jobs identified by the VE and adopted by the ALJ constitutes a "significant" number.

## ANALYSIS

Relying on *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1990), to support her challenge to whether the number of jobs the ALJ found she could perform constitutes a "significant number", Plaintiff focuses on the number of jobs available in the regional economy, a total of approximately 700, according to the VE's testimony (TR. 47-48).

In *Trimiar*, the Tenth Circuit Court of Appeals stated, "This Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant

3

number' and rejects the opportunity to do so here." *Id.* at 1330. In *Trimiar*, unlike this case, the VE's testimony was limited to identification of the number of jobs available in the regional economy. The Court cited an Eighth Circuit case for the proposition that "several factors go into the proper evaluation of significant numbers" *Id.* The factors identified by the Tenth Circuit included "'the level of the claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; [and]the types and availability of such work'" *Id.* (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988)). The Court concluded that the ALJ had sufficiently considered the aforementioned factors and ultimately concluded that the 650-900 jobs identified by the VE as existing in Oklahoma constituted a "significant number."

*Trimiar* does not stand for the proposition that an ALJ must explicitly set forth a discussion of the factors identified above in determining that the number of jobs a claimant can do exist in significant numbers. An ALJ's finding is sufficient if the record supports a conclusion that the ALJ used a common sense approach in "weighing the statutory language as applied to a particular claimant's factual situation." *Id.* (internal quotation and citation omitted).

The number of jobs identified by the ALJ in this case as existing in significant numbers in the regional economy, clearly falls within the range at issue in *Trimiar*. Nothing in the record supports a conclusion that the ALJ did not fully consider Plaintiff's factual situation in making his step-five findings. The ALJ stated that the VE's testimony was consistent with information in the DOT (TR. 33). Moreover, Plaintiff does not

4

contend that the 69,700 jobs available in the national economy is not a "significant" number. The Tenth Circuit has held that "the controlling statutes, federal regulations, and case law all indicate that the proper focus generally must be on jobs in the national, not regional, economy." *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). *See also* 20 C.F.R. §§ 404.1566; 416.966 ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications). Accordingly, it is recommended that the final decision of the Commissioner in this case be affirmed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the ALJ's decision is supported by substantial evidence in the record. Thus, it is recommended that the decision of the Commissioner be **AFFIRMED.**

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 22, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 7, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE